**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210175-U

Order filed October 13, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0175 Circuit No. 15-CF-2855 |
| JAMES S. TATE, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices McDade and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err by refusing to appoint defendant new counsel after a preliminary *Krankel* inquiry.

¶ 2     Defendant, James S. Tate, appeals the denial of his posttrial claims of ineffective assistance of counsel. Defendant argues the Will County circuit court's decision to deny him appointment of new counsel was manifestly erroneous. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State filed a five-count superseding indictment against defendant on February 18, 2016. The indictment charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2014)), aggravated battery (*id.* § 12-3.05(a)(1)), and three counts of felony-level domestic battery (*id.* § 12.3.2(a)(1), (2)). The court appointed the public defender to represent defendant.

¶ 5    On September 23, 2016, defendant waived his right to a jury trial. The matter proceeded to a bench trial on December 21, 2016. Before trial, the State reduced defendant's three felony domestic battery charges to misdemeanors. The court found defendant guilty of all five charges.

¶ 6    Prior to sentencing, defendant filed a motion, as a self-represented litigant, alleging ineffective assistance of counsel. In the motion, defendant listed several instances where counsel was ineffective. The motion included the allegation that the State had offered defendant a plea that would reduce all charges to misdemeanors and recommend a one-year sentence of imprisonment. Defendant alleged that counsel conveyed the offer moments before trial began, with insufficient time for him to consider the offer. Further, defendant alleged that he would have accepted the offer if he had been given sufficient time to consider it.

¶ 7    The circuit court inquired into defendant's claims on April 11, 2017. Defendant argued that the State made a plea offer, and he did not receive enough time to properly consider it. The court denied defendant's motion without addressing defendant's claim or questioning counsel about the allegations.

¶ 8    On April 24, 2017, the court sentenced defendant to 12 years' imprisonment for aggravated domestic battery and 5 years' imprisonment for aggravated battery. The sentences were to run concurrently, and the remaining misdemeanor counts merged into the sentences.

2

¶ 9      On appeal, we remanded for a preliminary *Krankel* inquiry, holding that the court failed to conduct a proper inquiry to address defendant's claims. *People v. Tate*, 2019 IL App (3d) 170321-U.

¶ 10      On August 20, 2020, the court held a hearing where it allowed defendant the opportunity to argue why counsel was ineffective. Additionally, defendant questioned counsel regarding whether the State made a plea offer. Counsel responded that he never received an offer from the State. Defendant argued that it was unreasonable to believe that there was never a plea offer, as most convictions result from guilty pleas.

¶ 11      Defendant further explained that he had a conversation with counsel before court began the day of the trial. Counsel told him the State offered to reduce his charges to misdemeanors, but that he knew defendant would reject it. Defendant stated that he had questions for counsel regarding the plea, but counsel walked away before he could ask them.

¶ 12      The court asked counsel for his response to defendant's claims, and counsel stated that he never received an offer. He further stated that if an offer was made, he would have stopped jury selection so defendant could have time to consider it. Defendant pointed out that counsel was incorrect, and his memory was faulty, because he had a bench trial and waived his right to a jury trial well before a trial was set. Defendant argued that because counsel could not even remember whether there was a bench or jury trial, he had clearly proven that counsel could have possibly been ineffective. The court continued the inquiry to a future date so it could review the transcripts leading up to trial for any indication that a plea offer was mentioned.

¶ 13      At the next hearing date where the court addressed the preliminary inquiry, the court noted that it had reviewed the transcripts and record, stating that:

"After having our initial inquiry into the *Krankel* issues, *** I can't say that [counsel] was derelict in his duties or in any way, shape, or form was ineffective.

I know the issue that you raise, obviously, I took very seriously, ***. *** [T]here is nothing as it relates to that that would have, in fact, affected your ability to defend yourself in this matter, and that was why I was looking for it.

* * *

*** [T]he issue is whether or not he was ineffective or derelict in his duties, as far as representing you in the case, and I can't say he was."

¶ 14      Defendant again argued that counsel was ineffective for failing to give him adequate time to consider the State's offer. While the court stated that counsel was unequivocal in his recollection no offer was tendered, defendant argued that counsel could not recall. The court continued the hearing to review the transcripts of the *Krankel* inquiry, so that it could be certain what was said regarding if there was an offer before trial.

¶ 15      On April 29, 2021, several attorneys from the State appeared at the court's request. The court asked defendant if it could ask the State whether it made an offer in his case. Defendant responded that he did not want the State to answer any questions and that he had done enough to prove his attorney neglected his case. The court then denied defendant's motion, stating that counsel was unequivocal in his testimony that the State made no plea offer. Regarding counsel's mistake that defendant had a jury trial, the court stated:

"I understand *** your issue that you raise about the jury selection or there was a waiver, I understand that. And while it is—I suppose the offer is circumstantial proof that [counsel] had no independent recollection, I guess, of

your matter, I don't necessarily think it raises to—or is raised to that level. And the final line of [counsel]'s testimony was there was never one made."

¶ 16     Defendant argued that in a preliminary *Krankel* inquiry, he only had to show a possibility that counsel was ineffective, and that counsel's confusion on the matter was sufficient to show it was possible. He further argued that new counsel should be appointed. The court stated that defendant failed to make a showing sufficient to continue the matter. Defendant appealed.

¶ 17                                         II. ANALYSIS

¶ 18     Defendant argues that he sufficiently demonstrated possible neglect of his case, and that the circuit court's finding to the contrary was manifestly erroneous. Specifically, he claims that he showed that counsel possibly neglected his case in that counsel failed to adequately explain the plea offer to him and did not allow him enough time to fully consider it before beginning trial.

¶ 19     Through *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, our supreme court has developed a procedural framework for the resolution of posttrial claims of ineffective assistance of counsel. When a defendant raises, as a self-represented litigant, an ineffective assistance of counsel claim after trial, the circuit court must conduct a preliminary *Krankel* inquiry to determine whether new counsel should be appointed to address the issue. *People v. Jolly*, 2014 IL 117142, ¶ 29. The purpose of the preliminary inquiry is to determine the underlying factual basis of the claims and to provide defendant an opportunity to argue his claims to the court. *People v. Ayres*, 2017 IL 120071, ¶ 24. New counsel is only appointed if the allegations show a possibility that counsel neglected the case. *People v. Moore*, 207 Ill. 2d 68, 78 (2003).

¶ 20    At a preliminary *Krankel* inquiry, the circuit court may consider the legal merit of the claim as well as the factual basis. *People v. Roddis*, 2020 IL 124352, ¶ 61. "[S]ome interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is *** usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *Moore*, 207 Ill. 2d at 78. The court may base its decision on "its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face" *Moore*, 207 Ill. 2d at 79. A court's determination that a defendant did not demonstrate a possible neglect of the case will not be reversed unless such decision is manifestly erroneous. *People v. Maya*, 2019 IL App (3d) 180275, ¶ 17. Manifest error occurs when such error is "clearly evident, plain, and indisputable." *People v. Ruiz*, 177 Ill. 2d 368, 384-85 (1997).

¶ 21    In the instant case, the court conducted a proper preliminary inquiry and defendant's claims did not warrant the appointment of new counsel. The court engaged both defendant and counsel and gave each the opportunity to explain his respective position. In addition, the court held the inquiry over the course of several court hearings and allowed defendant to speak at each hearing. Defendant claimed that when counsel relayed the offer to him, counsel almost immediately dismissed him, assuming defendant would not accept, and walked away before defendant could ask any questions. Counsel rebutted these claims when he told the court he did not receive any offers from the State. At the insistence of defendant, the court also reviewed the transcripts from the *Krankel* inquiry and found that counsel unequivocally stated that he did not receive an offer for defendant. From this, the court determined that counsel's mistake in stating that defendant had a jury trial was not indicative of ineffective assistance or possible neglect. Ultimately, the court's finding that counsel's testimony was more credible and further inquiry

was unnecessary is not manifestly erroneous. We cannot say that it was indisputable that defendant demonstrated possible neglect.

¶ 22 Considering the efforts made by the court to adequately conduct the preliminary *Krankel* inquiry and its thorough review of the facts and statements made by both counsel and defendant, we find no manifest error in the court's conclusion. Accordingly, we decline to remand for the appointment of independent counsel and further *Krankel* proceedings.

¶ 23 III. CONCLUSION

¶ 24 The judgment of the circuit court of Will County is affirmed.

¶ 25 Affirmed.